NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY COOK, | Civil Action No. 13-2559 (AET) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| THE UNITED STATES et al., | |
| Defendants. | |

It appearing that:

    1. Plaintiff Anthony Cook ("Plaintiff") submitted for filing a document executed on a civil complaint form. See Docket Entry No. 1. Plaintiff, however, did not submit the applicable filing fee or his application to proceed in this matter in forma pauperis.[1] See id. Moreover, the document Plaintiff submitted does not assert Plaintiff's challenges; rather, in this document, he requests an extension of time to plead his claims. See id.

    2. The Clerk will not file a civil rights complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted in forma pauperis, status pursuant to 28 U.S.C. § 1915. See Local Civil R. 5.1(f). The filing fee for a civil rights complaint is $350.00. See 28 U.S.C. § 1914(a). If a prisoner seeks permission to file a civil rights complaint in forma pauperis, the Prison Litigation Reform Act, Pub. L. No. 104-134, §§

---

    [1] Plaintiff later submitted an application seeking additional 45 days to submit his in forma pauperis application. See Docket Entry No. 3. In that application, Plaintiff also requested that the instant matter would not be referred to the Magistrate Judge assigned to this case, Hon. Lois H. Goodman. See id.

801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the prisoner to file an affidavit of poverty and a certified prison account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2).

3. Plaintiff is a prisoner. He did not prepay the filing fee, and he failed to submit his in forma pauperis application. No statement in his submission indicates that he is in danger of imminent physical injury warranting grant of conditional in forma pauperis status.[2]

4. Since Plaintiff's submission is silent as to his claims and the underlying factual predicate, it fails to qualify as a pleading. Cf. Philip v. Deutsche Bank Nat'l Trust Co., No. 11-8960, 2012 U.S. Dist. LEXIS 85774, at *7 (S.D.N.Y. June 19, 2012) ("[T]he term 'initial pleading' . . . mean[s] any pleading 'containing sufficient information to enable the defendant to intelligently ascertain the basis for [the action]'") (quoting Moltner v. Starbucks Coffee Co., No. 08-9257, 2009 U.S. Dist. LEXIS 15518 (S.D.N.Y. Feb. 27, 2009), aff'd, 624 F.3d 34 (2d Cir. 2010)). Rather, it is a de facto motion for extension of time to file a pleading. Cf. Animal Sci. Prods. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 702 F. Supp. 2d 320, 372 (D.N.J. 2010) (noting "the axiomatic proposition that form shall not be elevated over substance, and thus the actual content of the [document] – rather than its title/caption/headings – governs") (citations omitted), remanded on other grounds No. 10-2288, 2011 U.S. App. LEXIS 17046 (3d Cir. 2011). However, the Court cannot exercise subject matter jurisdiction over a non-pleading. See, e.g., Lucente v. New Jersey, Civil Action No. 05-5186 (JBS) (N.J.D.), Docket Entry No. 6 (holding that the court had no subject matter jurisdiction to entertain an action commenced upon receipt of

---

[2] Plaintiff merely stated that he was "prejudiced," without any further explication. See Docket Entry No. 1.

a litigant's submission that requested extension of time to file a pleading and appointment of counsel to prepare such pleading since the court's subject matter jurisdiction is limited to actual pleadings).

5. However, to ensure that Plaintiff's challenges, if time-sensitive, would not be rendered untimely as a result of his failure to plead, the Court will direct the Clerk to administratively terminate this matter while retaining its jurisdiction over this action for sixty days so to allow Plaintiff an opportunity to state his claims.

IT IS, therefore on this 15th day of May, 2013,

ORDERED that Plaintiff's application to proceed in forma pauperis is denied without prejudice; and it is further

ORDERED that the Clerk shall administratively terminate this action, without filing the submission received and without assessing a filing fee, by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED"; and it is further

ORDERED that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if this § 1983 case is reopened pursuant to the terms of this Memorandum Opinion and Order, it is not thereby subject to the statute of limitations bar, provided the initial submission was timely. See Houston v. Lack, 487 U.S. 266 (1988); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that Plaintiff's application for extension of time to file his in forma pauperis application is granted; and it is further

ORDERED that Plaintiff may have this matter reopened if, within forty five days from the date of the entry of this Memorandum Opinion and Order, Plaintiff either pre-pays the $350.00 filing fee or files with the Clerk Plaintiff's affidavit of poverty and his certified prison account statement for the six-month period preceding the filing of Plaintiff's submission, as required by 28 U.S.C. § 1915(a); and it is further

ORDERED that, in the event Plaintiff timely prepays the filing fee or submits his affidavit of poverty and certified prison account statement, Plaintiff shall accompany the same with a pleading stating his claims and the factual predicate in support of these claims; and it is further

ORDERED that Plaintiff's application to withdraw referral of this matter to the Magistrate Judge is denied, as not in the interests of justice; and it is further

ORDERED that, in the event Plaintiff timely submits his pleading and in forma pauperis application, the Court will enter an order directing the Clerk to restore this matter to the Court's active docket; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail, together with: (1) a blank in forma pauperis application for incarcerated individuals seeking to file a civil complaint; and (2) a blank civil complaint form.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.